IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THE SUMMIT OWNERS ASSOCIATION,
INC., a Florida not-for-profit corporation,

    Plaintiff,

v.                                                                                                CASE NO. 5:11-cv-273-RS-GRJ

DONALD JESSIE ELLIOTT, as First Trustee
Under The Summit 510 Trust; CLARA N.
HOLLOWAY, a/k/a CLARA NELL HEARD;
UNITED STATES OF AMERICA,
DEPARTMENT OF TREASURY, et al.,

    Defendants.

_____/

UNITED STATES OF AMERICA,

    Plaintiff,                                                                    CASE NO. 5:11-cv-59-RS-GRJ

v.

CLARA HOLLOWAY, a/k/a CLARA HEARD;
DONALD J. ELLIOT, as Trustee for the
Summit 510 Trust; CITIMORTGAGE, INC.,
and THE SUMMIT OWNERS ASSOCIATION,
INC.,

    Defendants.

_____/

## REPORT & RECOMMENDATION

Pending before the Court are: (1) the Motion To Dismiss Former Trustee Donald J. Elliot As Defendant from the Case (Doc. 13), and (2) the Motion to Dismiss, filed by Defendant, Clara Nell Heard. (Doc. 15.) The United States filed a Response in Opposition (Doc. 16) to Defendant Clara Nell Heard's motion to dismiss and therefore the motions are ripe for review.

## Introduction

On February 28, 2011 the United States filed case no. 5:11-cv-59-RS-GRJ (the "Federal Tax Lien Foreclosure Action"), a claim brought to foreclose a federal tax lien on a condominium unit in The Summit, located in Bay County, Florida. The unit originally was purchased by Clara N. Holloway ("Holloway") who, according to the allegations in the amended complaint, conveyed the unit in 2006 to "The 510 Summit Trust." According to the United States, the 510 Summit Trust does not have a federally registered taxpayer identification number and is not registered with either Georgia or Florida. Donald Jesse Elliott ("Elliott") is named as the First Trustee in the declaration creating the 510 Summit Trust. In the Federal Tax Lien Foreclosure Action the United States seeks to foreclose on various recorded federal tax liens against the unit and to establish that Elliott is a nominee for Holloway and/or to set aside the conveyance of the unit to Elliott as trustee on the grounds that the transfer was fraudulent.

Separate from the Federal Tax Lien Foreclosure Action, The Summit Owners Association, Inc. (The "Condominium Association") brought an action in state court to foreclose on its lien on the unit for unpaid condominium assessments. The United States was named as a party in that action because of the federal tax lien. The United States properly removed the state case to this court on August 5, 2011 in case no. 5:11-cv-273-RS-GRJ. (the "Condo Fee Foreclosure Action") Because there were common questions of law and fact the Court granted the United States' motion to consolidate the Federal Tax Lien Foreclosure Action with the Condo Fee Foreclosure Action. *See,* Doc. 5. In the Court's order consolidating the two actions the Court directed that all further filings in the Federal Tax Lien Foreclosure Action should be filed in the Condo Fee Foreclosure Action.

*Case No: 5:11-cv-00273-RS -GRJ*

## **Discussion**

In the Motion to Dismiss Former Trustee Donald J. Elliot, Elliot, proceeding *pro se,* requests that he be dismissed as a defendant in the Federal Tax Lien Foreclosure Action because he resigned as trustee on April 11, 2011. Elliot further represents that "given the lack of available tools to defend the Trust, I am ... withdrawing from the instant case for cause and lack of standing to defend the Trust as Trustee." Doc. 13, p.2. While Elliot may have resigned as trustee that does not provide a reason to dismiss the case. The United States alleges that the unit was conveyed (fraudulently) by Holloway to Elliot as trustee in 2006. In order to foreclose its tax liens the United States was required to join the present legal title holder to the property as a party in this action so that the interests and liens junior to the United States' tax liens may be foreclosed. For this reason Elliot's Motion to Dismiss is due to be denied and Elliot should be required to answer the amended complaint, failing which the interest if any of the 510 Summit Trust should be defaulted.

With regard to Holloway's motion to dismiss, the sole argument in support of her request that she be dismissed from the case is that she does not owe any taxes for the tax periods at issue. In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure the Court is required to accept as true all well pled factual allegations in the Complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009). Because the United States alleges in the Amended Complaint that the Secretary of the Treasury made income tax assessments against Holloway for failing to file income tax returns for the tax years 2000 through 2004 (Doc. 14, ¶9), and then recorded in Bay County, Florida notices of federal tax liens (Doc. 14, ¶¶ 35, 36 & 37), these allegations are presumed to be true for purposes of a motion to dismiss. Holloway's

blanket denial that she does not owe income taxes is not a proper ground at this juncture on a motion to dismiss to test the sufficiency of the claims against her. Accordingly, Defendant's Motion to Dismiss is due to be denied. Holloway's Answers to Complaint and Amended Complaint, included with her motion to dismiss, should be considered her answer to the amended complaint in this case.

In light of the foregoing, it is respectfully **RECOMMENDED** that: (1) the Motion To Dismiss Former Trustee Donald J. Elliot As Defendant from the Case (Doc. 13) should be **DENIED** and Donald J. Elliot should be directed to file an answer to the amended complaint within ten days; and (2)  the Motion to Dismiss, filed by Defendant, Clara Nell Heard (Doc. 15) should be **DENIED**.

**IN CHAMBERS** in Gainesville, Florida, this 4th day of January, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.